UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,          CRIMINAL CASE NO. 11-cr-20050

    v.                                    CIVIL ACTION NO. 13-cv-14574

ROBERT WOODS,                    DISTRICT JUDGE NANCY G. EDMUNDS

    Defendant/Petitioner.          MAGISTRATE JUDGE MONA K. MAJZOUB
_____/

## REPORT AND RECOMMENDATION

Petitioner Robert Woods is currently incarcerated at FCI Elkton in Lisbon, Ohio. Before the Court is Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255.[1] (Docket no. 47.) Respondent United States of America filed a Response to Petitioner's Motion. (Docket no. 49.) The Motion has been referred to the undersigned for determination. (Docket no. 50.) Because the record in this case conclusively shows that Petitioner is not entitled to relief under 28 U.S.C. § 2255, an evidentiary hearing is not required to resolve the merits of this action. 28 U.S.C. § 2255(b). Therefore, the undersigned issues this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(b).

## I.    RECOMMENDATION

For the reasons stated herein, the undersigned recommends that Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (docket no. 47) be **DENIED**.

---

[1] Petitioner's Motion is titled "Petition for Relief from Judgment;" however, Petitioner explicitly brings this Motion under 28 U.S.C. § 2255, through which he seeks resentencing. Accordingly, the Court construes the Petition as a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255.

## II.     REPORT

### A.     Facts and Procedural History

On July 29, 2007, the United States Postal Inspection Service (USPIS) located a password-protected bulletin board on the Internet titled "thecache.bbs" (The Cache), which consisted of hundreds of members dedicated to the sharing and trading of child pornography, child erotica, and some adult pornography.  (Docket no. 47 ¶ 9; docket no. 49 at 2.)  In February 2008, the USPIS seized the server that housed The Cache, and through some investigation, the USPIS identified Petitioner as the member of The Cache associated with screen name "rdog65" and email address "rdog65@michiganwolverine.com."  (Docket no. 47 ¶ 10; docket no. 49 at 2-3.)  On June 15, 2010, a federal search warrant was executed on Petitioner's residence, during which the USPIS seized the computers located therein.  (Docket no. 49 at 5.)  According to Respondent, on June 16, 2010, Petitioner proffered with the government, admitting that he was a member of The Cache, that he visited The Cache several times per week, and that he deliberately viewed, downloaded, and saved pornographic images of children on his computers for approximately twelve years.  (*Id*.)  The forensic examination of Petitioner's computers revealed a collection of over 300,000 images and over 5,000 videos of child pornography and child erotica. (*Id*. at 6.)

On November 30, 2011, pursuant to a Rule 11 Plea Agreement, Petitioner pleaded guilty to the charges in the First Superseding Indictment, which consisted of three counts of receiving child pornography in violation of 18 U.S.C. § 2252A(a)(2) and one count of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B).  (Docket nos. 23 and 25.)  In the Agreement, the parties stipulated that the applicable sentencing guideline range was 135-168 months, and the government made a non-binding recommendation that the sentence of

imprisonment be below the guidelines. (Docket no. 25 at 7, 8.) The Agreement stated, however, that "the Court **must** impose a sentence of imprisonment on Counts One, Two and Three of **at least five (5) years**." (*Id*. at 8 (emphasis in original).) Petitioner also agreed that if the sentence imposed did not exceed the maximum recommendation allowed by the Agreement, he waived any right that he may have had to appeal his sentence. (*Id*. at 12.)

The parties filed Sentencing Memoranda prior to sentencing, in which they both recommended that Petitioner's sentence of imprisonment be below the guidelines. The government, in its Memorandum, requested that the court sentence Petitioner to a 96-month term of incarceration. (Docket no. 27.) Petitioner, in his Memorandum, requested that the court impose a sentence of imprisonment of 60 months, the minimum mandatory sentence for Counts One through Three. (Docket no. 31.) On April 10, 2012, the court sentenced Petitioner to a term of 90 months of imprisonment on each count, to be served concurrently, and a term of 10 years of supervised release on each count, also to be served concurrently. (Docket no. 33 at 3-4.) Petitioner subsequently appealed his judgment and conviction to the Court of Appeals for the Sixth Circuit, an appeal which he voluntarily dismissed, effective November 2, 2012. (*See* docket nos. 39 and 46.)

### B. Petitioner's Claims

Petitioner, through counsel, filed his Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 on November 4, 2013, claiming that he is entitled to relief because he received ineffective assistance of counsel at the trial level where:

1. Counsel did not adequately prepare for sentencing and "did not work to fully mitigate the sentence" (docket no. 47 ¶¶ 28, 41); and

2. "At no point did trial counsel argue that the five-year mandatory sentence constituted cruel or unusual punishment" or "that the five-year mandatory minimum for distribution of child pornography was irrational when compared to the discretionary

3

sentence the Defendant would have faced for the related charge of simple possession of child pornography." (*Id.* ¶¶ 43, 47.)

Respondent asserts that Petitioner's Motion is untimely and barred by the one-year period of limitation set forth in § 2255(f). (Docket no. 49 at 1, 11-13.) Alternatively, Respondent argues that Petitioner's claims of ineffective assistance of counsel are without merit. (*Id.* at 2, 15-23.)

### C. Standard

A petitioner who files a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 must demonstrate that there was an error of constitutional magnitude, the sentence was imposed outside the statutory limits, or there was an error of fact or law so fundamental as to render the entire proceeding invalid. *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001) (citation omitted). To prevail on a motion to vacate, set aside, or correct sentence alleging constitutional error, the petitioner must show that the error had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993).

### D. Analysis

#### 1. The Period of Limitation

Respondent asserts that Petitioner's Motion should be dismissed as untimely and barred by the applicable period of limitation because Petitioner filed the Motion one year and two days after his judgment became final. (Docket no. 49 at 1, 10, 11-13.) Pursuant to 28 U.S.C. § 2255, a federal prisoner must file a motion to vacate sentence within one year of the latest of:

1) the date on which the judgment of conviction becomes final;

2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

4

> 3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> 4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Generally, a judgment of conviction becomes final at the conclusion of direct review. *United States v. Cottage*, 307 F.3d 494, 498 (6th Cir. 2002) (citation omitted). "If a § 2255 movant pursued his direct appeal through to a petition for certiorari in the Supreme Court, direct review is concluded when the Supreme Court either denies the petition or decides the case." *Id*. "When a defendant does not seek certiorari review of the judgment entered by the court of appeals, his conviction becomes final under § 2255 either when the court of appeals mandate is filed, or when the time for seeking certiorari review expires." *Id*. at 499 (citation omitted). Similarly, "when a § 2255 movant does not pursue a direct appeal to the court of appeals, his conviction becomes final either on the date that the judgment was entered, or on the date on which the time for filing such appeal expired." *Id*. (internal citations omitted).

Here, Petitioner appealed the judgment and conviction in this matter to the Court of Appeals for the Sixth Circuit, but he later moved to voluntarily dismiss the appeal pursuant to Federal Rule of Appellate Procedure 42(b). (*See* docket nos. 39 and 46.) The Sixth Circuit granted Petitioner's motion to dismiss on November 2, 2012. (Docket no. 46.) As Respondent correctly points out, because Petitioner voluntarily dismissed his direct appeal, there was no judgment by the Court of Appeals from which he could seek certiorari review by the Supreme Court, so the ninety-day period for filing a petition for a writ of certiorari is not applicable to this matter. (*See* docket no. 49 at 12 (quoting *Cottage*, 307 F.3d at 499).) Thus, Petitioner's judgment of conviction became final on the day that the Sixth Circuit granted Petitioner's motion to dismiss, November 2, 2012, and, pursuant to § 2255(f), Petitioner was therefore required to

file his Motion to Vacate, Set Aside or Correct Sentence within one year of that date, by November 2, 2013. Because this last day of the limitation period fell on a Saturday, however, Petitioner had until the end of the next business day to file a timely § 2255 motion. Fed. R. Civ. P. 6(a)(1)(C). Plaintiff filed the instant Motion on Monday, November 4, 2013. Accordingly, Petitioner's Motion to Vacate, Set Aside or Correct Sentence was timely filed, and it is not barred by the period of limitation.

### 2. *Petitioner's Ineffective Assistance Claims*

The Sixth Amendment right to counsel and the corollary right to effective assistance of counsel protect the fundamental right to a fair trial. *See Strickland v. Washington*, 466 U.S. 668, 64-86 (1984). To establish ineffective assistance of counsel, Petitioner must show that: (1) counsel's performance was deficient; and (2) counsel's deficient performance prejudiced the defense. *Id.* at 687. These two components are mixed questions of law and fact. *Id.* at 698. Further "there is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.* at 697. That is, if "it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." *Id.*

With respect to the performance prong of the *Strickland* test, a strong presumption exists that counsel's behavior lies within the wide range of reasonable professional assistance. *See id.* at 689; *O'Hara v. Wigginton*, 24 F.3d 823, 828 (6th Cir. 1994). "[Petitioner] must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland*, 466 U.S. at 689 (citations and internal quotation marks omitted). "[T]he court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at

690. With respect to the prejudice prong of the *Strickland* test, the ultimate inquiry is "whether there is a reasonable probability that, absent [counsel's] errors, the factfinder would have had a reasonable doubt respecting guilt." *Id.* at 695. Stated differently, Petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result . . . would have been different." *Id.* at 694.

### a. Counsel's Efforts to Mitigate Petitioner's Sentence

First, Petitioner argues that his trial counsel did not adequately prepare for sentencing and did not work to fully mitigate the sentence. (Docket no. 47 ¶¶ 28, 41.) Specifically, Petitioner argues that counsel failed to meet with his wife, mother, or brother before sentencing, who, respectively, could have testified to Petitioner's volunteerism, graphically illustrated Petitioner's struggles, and testified to Petitioner's strength, support of others, and charitable works. (*Id*. ¶¶ 38-40.) Petitioner also argues that the small amount of preparation trial counsel did do consisted of purchasing the Sentencing Memorandum from an online research service. (*Id*. ¶¶ 41-42.)[2]

"[A] failure to investigate, participate in, and prepare for the sentencing proceedings fails to satisfy an objective standard of reasonable representation and therefore falls below Sixth Amendment standards for effective assistance of counsel." *Arredondo v. United States,* 178 F. 3d 778, 788 (6th Cir. 1999). "At least in a capital murder case, '[f]ailure to present mitigating evidence at sentencing constitutes ineffective assistance of counsel.'" *Siebert v. Jackson*, 205 F. Supp. 2d 727, 734 (E.D. Mich. 2002) (quoting *Skaggs v. Parker,* 235 F.3d 261, 269 (6th Cir. 2000), *cert. denied,* 534 U.S. 943 (2001)). But defense counsel is not ineffective where some

---

[2] To support his arguments in this regard, Petitioner advises that he has attached a "mitigation report" to the instant Motion, and he proceeds to discuss the contents of the report, some of which were included in Petitioner's Sentencing Memorandum filed by trial counsel, and some of which were not. (Docket no. 47 ¶¶ 28-37.) Petitioner, however, did not attach the "mitigation report" to the instant Motion as indicated, so the report and Petitioner's arguments related thereto are not before the court. Nevertheless, even if Petitioner had attached the report to the instant Motion, his arguments regarding counsel's efforts to prepare for sentencing and to mitigate the sentence would still fail, for the reasons discussed herein.

7

mitigating evidence is presented to the trial court, either through counsel's comments or a pre-sentence report. *Id.* at 735; *Hawke v. Klee*, No. 2:06-14111, 2007 WL 2641477, at *4 (E.D. Mich. Sept. 6, 2007) (citing *Martin v. Mitchell*, 280 F.3d 594, 613 (6th Cir. 2002)).

Here, in Petitioner's Sentencing Memorandum, Petitioner's trial counsel argued that a 60-month sentence was reasonable and warranted based upon certain characteristics of Petitioner and of the particular offense. (Docket no. 31 at 3.) For example, counsel pointed out that The Cache was not just limited to child pornography, but also had topics and forums for legal adult pornography. (*Id.* at 4.) Next, counsel asserted that the pre-sentence investigation report (PSI) was inaccurate in that it mischaracterized the nature of Petitioner's approximately 600 posts on The Cache, his status as a "trusted member" of The Cache, and the nature of his involvement in The Cache. (*Id.* at 4-5.) In this regard, counsel argued that Petitioner's posts generally involved little more than a "thank you" and did not include comments about any of the children involved, and that his elevated status was simply a result of the number of posts made, not the content of his posts. (*Id.*)

Counsel also described Petitioner's lower-middle class upbringing as a child of divorced parents, with a lack of involvement from his father, but a close, loving relationship with his mother and younger brother. (Docket no. 31 at 5.) Counsel noted Petitioner's continued close relationship with his mother and his reunion with his father shortly before his father's death. (*Id.* at 6.) Petitioner's counsel described Petitioner's high school education, his service in the army, which culminated in an honorable discharge, Petitioner's college education at the University of Michigan-Flint, and Petitioner's decision to leave college to follow the "fast track" up the corporate ladder at Sherwin Williams, where he worked full time for over two decades and was still employed at the time of the Sentencing Memorandum. (*Id.* at 6-7.) Petitioner's counsel also

highlighted Petitioner's marriage of twenty-four years to his wife, Tammy Woods, who, at the time, was aware of the charges against Petitioner and supported him "in every way possible." (*Id*. at 7.) Counsel also generally described Petitioner as outgoing, friendly, generous, gentle, extraordinarily intelligent, and caring. (*Id*.)

Additionally, counsel pointed out that upon execution of the search warrant, Petitioner recognized that his behavior was illegal and problematic, and immediately contacted a psychologist and started counseling, without the advice or consultation of defense counsel. (Docket no. 31 at 7.) Counsel asserted that it did not appear that Petitioner was one of those offenders for whom collection of child pornography was a supplement to the molestation of real children. (*Id*. at 27.) Counsel also highlighted the results of a Sexual Offender Risk Assessment conducted by Mr. Arnold Keller, LMSW, regarding Petitioner, who opined that Petitioner did not fit the criteria for sex offending, including pedophilia, and that Petitioner had a good prognosis for avoiding recidivism for pornography and criminal offending of any kind. (*Id*.)

Counsel further presented mitigating evidence on behalf of Petitioner at the sentencing hearing. (Docket no. 42.) For example, counsel emphasized the fact that Petitioner had been fully cooperative with the prosecutor and the investigator, that he never denied his involvement, and that he freely admitted to, understood, and did not try to minimize what he had done wrong. (*Id*. at 4.) Counsel also asked the court to deviate from the sentencing guidelines and consider sentencing Petitioner to the mandatory minimum sentence of five years in light of the fact that not only would he spend 60 months in prison, but he would also likely suffer from other forms of punishment, such as the loss of his job, a breakdown of his marriage, and the stigma of being a registered sex offender for life. (*Id*. at 5-6.)

This is clearly not a case where counsel failed to present any mitigating evidence to the court, where such a failure would constitute ineffective assistance of counsel. On the contrary, Petitioner's trial counsel presented a slew of mitigating evidence to the court through the Sentencing Memorandum and through his comments at the sentencing hearing. Consequently, Petitioner has not demonstrated that his trial counsel's performance was deficient under *Strickland*, and his Motion to Vacate should be denied with regard to this issue.

      b.  Counsel's Failure to Challenge the Mandatory Minimum Sentence

Next, Petitioner argues that he received ineffective assistance of counsel because "[a]t no point did trial counsel argue that the five-year mandatory sentence constituted cruel or unusual punishment" or "that the five-year mandatory minimum for distribution of child pornography was irrational when compared to the discretionary sentence the Defendant would have faced for the related charge of simple possession of child pornography." (Docket no. 47 ¶¶ 43, 47.) To support the first portion of his argument, Petitioner relies on non-binding case law from the Eastern District of New York, *United States v. C.R.*, 792 F. Supp. 2d 343, 347 (E.D.N.Y. 2011), in which the court found that the statutory minimum five-year sentence established by 18 U.S.C. § 2252(b)(1) was unconstitutional, in that it constituted cruel and unusual punishment. (Docket no. 47 ¶¶ 45-46, 48.)

Petitioner's reliance on this case is misplaced, for two reasons. First, the instant matter is distinguishable from *United States v. C.R.*, as the court in that case found the mandatory minimum to be unconstitutional as applied to the developmentally immature young adult defendant and to the facts of that case. 792 F. Supp. 2d at 347. Here, Petitioner was forty years old at the time that he joined The Cache, and there is no evidence in the record that Petitioner was developmentally challenged; to the contrary, the record demonstrates that Petitioner

10

maintained a high grade point average in high school and college, he had a successful career in management that spanned two decades, and he had been married to the same woman for approximately the same amount of time. Secondly, and more importantly, though, the district court's decision in *United States v. C.R.* was subsequently vacated by the Second Circuit Court of Appeals when it concluded that the mandatory five-year sentence was not grossly disproportionate as applied to the defendant and to the facts of the case so as to constitute cruel and unusual punishment. *United States v. Reingold*, 731 F.3d 204, 216-22 (2d Cir. 2013).

Notably, Petitioner does not cite any binding authority to support his assertion that his trial counsel should have challenged the constitutionality or the rationality of the mandatory minimum sentence or to demonstrate that such a challenge, if raised, would have been successful. As Respondent points out, "[t]here is no case in the country[] that has been upheld on appeal, which has ruled that the statutory mandatory minimum for child pornography offenses constitutes cruel and unusual punishment." (*See* docket no. 49 at 21.) Conversely, Respondent argues, courts have found that the mandatory minimum does not offend the Eighth Amendment. (*Id.* (citing *Reingold, supra*, 731 F.3d at 216; *United States v. Syzmanski*, No. 3:08 CR 417, 2009 WL 1212252, at *5 (N.D. Ohio Apr. 30, 2009); *United States v. Wilder*, No. CRIMA04-10217GAO, 2006 WL 572699, at *2 (D. Mass. Mar. 10, 2006) ("[T]he mandatory minimums set forth in 18 U.S.C. § 2252(b)(1) and (2) . . . are not grossly disproportionate to the serious offenses that they are meant to punish.")).)

It is well settled that an "attorney is not required to raise a non-meritorious claim." *Jalowiec v. Bradshaw,* 657 F.3d 293, 321–22 (6th Cir. 2011) (citing *Wilson v. Mitchell,* 498 F.3d 491, 514–15 (6th Cir. 2007)). Moreover, a criminal defendant "does not have a constitutional right to have his counsel press nonfrivolous points if counsel decides as a matter of professional

11

judgment not to press those points." *Coleman v. Mitchell*, 244 F.3d 533, 541 (6th Cir. 2001) (citing *Jones v. Barnes,* 463 U.S. 745, 750–51 (1983)); *see also Knowles v. Mirzayance,* 556 U.S. 111, 123 (2009) (explaining that the "[Supreme] Court has never required defense counsel to pursue every claim or defense, regardless of its merit, viability, or realistic chance for success" to avoid a finding of deficient performance under *Strickland*). Because Petitioner has failed to demonstrate that a challenge to the constitutionality or the rationality of the mandatory minimum sentence would have been meritorious such that the result of his sentence would have been different, he has failed to demonstrate that he was deprived of the effective assistance of counsel. Petitioner's Motion should therefore be denied in this regard.

### c. Counsel's Duty of Reasonable Investigation

Finally, Petitioner argues, in conclusory fashion, that under *Strickland* and its progeny, Petitioner's trial counsel owed him a duty of reasonable investigation. (Docket no. 47 ¶ 53-54.) Petitioner makes several citations to the law in this regard, but does not develop this issue any further. Petitioner's Motion to Vacate should therefore be denied with regard to this issue. To the extent that this argument relates to Petitioner's argument that counsel's performance was deficient because he did not interview Petitioner's wife, mother, or brother to gather additional mitigating evidence, it fails for the reasons previously discussed, *supra*.

### E. Conclusion

For the reasons stated above, Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (docket no. 47) should be denied. The court may, at its discretion, determine whether an application for a certificate of appealability should issue. *See* 28 U.S.C. § 2253(c).

### III. NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Eastern District of Michigan Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *U.S. v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: November 3, 2016  s/ Mona K. Majzoub
MONA K. MAJZOUB
UNITED STATES MAGISTRATE JUDGE

13

## **PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon counsel of record on this date.

Dated:  November 3, 2016          s/ Lisa C. Bartlett
                                  Case Manager