UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Respondent,

v.

ROBERT WOODS,

    Petitioner.

                                  /

Case No. 11-20050

Honorable Nancy G. Edmunds

**OPINION AND ORDER ADOPTING THE MAGISTRATE JUDGE'S NOVEMBER 3, 2016 REPORT AND RECOMMENDATION [55]**

Petitioner–Defendant Robert Woods pled guilty to three counts of receiving child pornography in violation of 18 U.S.C. § 2252(A)(3) and one count of possession of child pornography in violation of 18 U.S.C. § 2252(a)(5)(B). He was sentenced to 90 months of incarceration. Approximately one year after withdrawing his direct appeal, Woods filed the instant motion for relief from judgment under 28 U.S.C. § 2255. On November 3, 2016, the Magistrate Judge issued a report recommending that Woods' motion be denied. (Dkt. 55). Three days later, Woods filed two objections to the Report and Recommendation, which the Court considers here. For the reasons stated more thoroughly below, the Court ADOPTS the Report and Recommendation, DENIES Woods' objections, and DECLINES to issue a certificate of appealability.

**I.    STANDARD**

This Court performs a *de novo* review of those portions of the Magistrate Judge's Report and Recommendation to which Plaintiff has objected. 28 U.S.C. § 636(b). The Court need not and does not perform a *de novo* review of the report's unobjected-to findings.

*Thomas v. Arn*, 474 U.S. 140, 150, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). Moreover, an objection that "does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context.'" *Aldrich v. Bock,* 327 F. Supp. 2d. 743, 747 (E.D. Mich. 2004). Indeed, the purpose of an objection to a report and recommendation is to provide the Court "with the opportunity to consider the specific contentions of the parties and to correct any errors immediately." *Id.* (quoting *United States v. Walters,* 638 F.2d 947, 949–50 (6th Cir.1981).

## II. ANALYSIS

Under 28 U.S.C. § 2255, "[a] prisoner in custody under sentence of a [federal] court . . . claiming the right to be released . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." To prevail on a § 2255 motion, the petitioner must allege: "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003) (internal quotations omitted).

To prevail on an ineffective assistance claim, Woods must show that his counsel's performance was both deficient and prejudicial to his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Deficient performance requires a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id.* In other words, Woods must show that his counsel's representation "fell below an objective standard of reasonableness." *Id.* at 688. "This standard is highly

deferential, and there is a 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.' " *Mallett*, 334 F.3d at 497 (quoting *id.* at 689).

### A. Objection 1: Failure to Challenge the Mandatory Minimum Sentence

Woods' first objection hardly merits discussion. In essence, he argues that the Magistrate Judge erred by failing to give due deference to a district court decision holding that the statutory mandatory minimum under 18 U.S.C. § 2252(b)(1) is unconstitutional. *See United States v. C.R.,* 792 F. Supp. 2d 343, 347 (E.D.N.Y. 2011) (vacated and remanded). However, as Woods readily acknowledges, "Judge Weinstein's viewpoint on [this issue] has been repudiated by later opinions . . . ." (Objection at 3). Indeed, *C.R.* was overturned by the Second Circuit and has no precedential value in this Court or any other. *See United States v. Reingold*, 731 F.3d 204, 206, 230 (2d Cir. 2013) ("The application of the five-year minimum sentence mandated by 18 U.S.C. § 2252(b)(1) is not so grossly disproportionate to the crime of distributing child pornography as to be precluded in this case by the Cruel and Unusual Punishment Clause of the Eighth Amendment."). More to the point, as the Magistrate Judge aptly explained, "there is no case in the country that has been upheld on appeal, which has ruled that the statutory mandatory minimum for child pornography offenses constitutes cruel and unusual punishment." (Report and Recommendation at 11). On the contrary, there are numerous circuit court decisions rejecting Eighth Amendment challenges in this context. *See Id.* Woods fails to offer any response to the great weight of authority on this issue, and there is simply no utility in discussing it further. For that reason, the Court must, and does, DENY Woods' first objection.

### B. Objection 2: Mitigation Report

In the alterative, Woods argues that "the matter should be remanded for a new Report and Recommendation" because the Magistrate Judge failed to properly evaluate a mitigation report detailing his personal history and characteristics. (Objection at 5-6). This is nonsensical for a number of reasons. First, as the Magistrate Judge accurately pointed out, Woods "did not attach the 'mitigation report' to the instant Motion . . . so the report and Petitioner's arguments related thereto are not before the court." (Report and Recommendation at 7). In other words, Woods appears to be casting blame on the Magistrate Judge for his own shortcoming- i.e. failing to attach the report to his motion. Nevertheless, the bulk of the pertinent details were alluded to in Woods' motion (Dkt. Petitioner's Mot. 8-11), and the Magistrate Judge was clear that "even if Petitioner had attached the report to the instant Motion, his arguments regarding counsel's efforts to prepare for sentencing and to mitigate the sentence would still fail, . . . ." *Id.* In this way, remanding the matter would be futile.

Furthermore, the Court has independently reviewed the contents of the mitigation report and agrees that it would not, and does not, support the application of a sentencing variance. *See Gall v. United States*, 552 U.S. 38, 50, 128 S. Ct. 586, 597, 169 L. Ed. 2d 445 (2007) ("If [the Court] decides that an outside-Guidelines sentence is warranted, [it] must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance."). Indeed, Woods' trial counsel "presented a slew of mitigating evidence . . . through the Sentencing Memorandum and through his comments at the sentencing hearing" (Report and Recommendation at 10), and nothing in the report changes the Court's view of the pertinent sentencing factors under 18 U.S.C. § 3553(a).

For those reasons, the Court is satisfied that Woods' Sixth Amendment right to counsel was adequately protected, and his petition for post-conviction relief is thus DENIED.

### C. Certificate of Appealability

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 and 2255 Proceedings requires that a district court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant . . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir.1997). To receive a certificate of appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell*, 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003) (internal quotes and citations omitted).

A habeas petitioner's ineffective assistance of counsel claim must make a substantial showing of the denial of a constitutional right so as to justify the issuance of a certificate of appealability. *See Skaggs v. Parker*, 235 F.3d 261, 266 (6th Cir. 2000). For the reasons

stated in this opinion, the Court will deny Woods a certificate of appealability because he has failed to make a substantial showing that his counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland*, 466 U.S. at 687. The Court concludes that reasonable jurists would not debate the Court's denial of Woods' claim of ineffective assistance of counsel, and thus declines to issue a certificate of appealability.

### III. CONCLUSION

Based upon the foregoing, the Court hereby ADOPTS the Report and Recommendation (Dkt. 55), OVERRULES Woods' objections (Dkt.58), and DENIES WITH PREJUDICE the petition for a writ of habeas corpus. IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: January 25, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 25, 2017, by electronic and/or ordinary mail.

s/Carol J. Bethel
Case Manager