UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ROBERT WOODS,

    Defendant.
_____/

Case No. 11-20050

Honorable Nancy G. Edmunds

**ORDER DENYING DEFENDANT'S MOTION FOR
EARLY TERMINATION OF SUPERVISED RELEASE [61]**

On November 30, 2011, Defendant Robert Woods pled guilty to three counts of receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(2) and one count of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). (ECF No. 25.) On April 10, 2012, Defendant was sentenced to a term of 90 months of imprisonment on each count, to be served concurrently, followed by a term of 10 years of supervised release on each count, also to be served concurrently. (ECF No. 33.) Defendant was released from BOP custody on January 28, 2019. Defendant now seeks early termination of supervised release, citing his work history and efforts towards rehabilitation and the lack of any additional criminal conduct or interaction with law enforcement. (ECF No. 61.)

"Supervised release is part of a sentence." *United States v. Krul*, 774 F.3d 371, 374 (6th Cir. 2014). Under 18 U.S.C. § 3583(e)(1), however, the Court may terminate a term of supervised release any time after the expiration of one year of supervised release if the Court "is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." Additional factors the Court considers are the sentencing factors in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5),

(a)(6), and (a)(7). *See* § 3583(e). "[G]enerally, early termination of supervised release under § 3583(e)(1) will be proper only when the sentencing judge is satisfied that new or unforeseen circumstances warrant it." *United States v. Melvin*, 978 F.3d 49, 53 (3d Cir. 2020) (internal quotation marks, citation, and italics omitted).

Here, Defendant has not identified any new or unforeseen circumstances that would warrant early termination of supervised release. Defendant committed very serious offenses and has served less than half of his term of supervised release. Defendant states he has had only one "technical violation of supervised release," (ECF No. 61, PageID.390), but even "full compliance with the terms of supervised release . . . does not warrant early termination." *See United States v. McKay*, 352 F. Supp. 2d 359, 361 (E.D.N.Y. 2005). Accordingly, Defendant's motion is DENIED.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: February 21, 2023

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 21, 2023, by electronic and/or ordinary mail.

s/Lisa Bartlett
Case Manager